**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**XIAOLONG PAN**                                                    **PETITIONER**

**V.**                                          **Cause No. 5:25-cv-00127-DCB-BWR**

**WARDEN RAFAEL VERGARA,**                          **RESPONDENT**
*Adams County Correctional Center*

**ORDER REGARDING WITHDRAWAL OF PETITIONER'S COUNSEL**

Petitioner Xiaolong Pan, a citizen of the People's Republic of China, filed a 28 U.S.C. § 2241 Petition in the United States District Court for the District of Columbia on October 24, 2025, alleging that he has been unlawfully detained by U.S. Immigration and Customs Enforcement (ICE) since December 2024 at the Adams County Correctional Center in Natchez, Mississippi. The United States District Court for the District of Columbia transferred the case to this Court on October 30, 2025 because Petitioner is detained within this Court's District. At the time of transfer, Petitioner was represented by Ning Ye of Flushing, New York, a non-resident attorney.

On November 12, 2025, this Court's Office of the Clerk sent a letter to Attorney Ye advising him that he had 30 days to comply with the pro hac vice admission process in accordance with Rule 83.1(d) of the Local Rules for the United States District Courts for the Northern and Southern District of Mississippi (L.U.Civ.R.) or to file a conventional motion to withdraw as counsel of record. Letter [6]. Attorney Ye responded with a letter proposing as follows:

1. I resigned from continuing representing the inmate Xiaolong Pan;

2. This Honorable Court takes the Writ Petitioner as pro se, before he finds a local counsel either by his own efforts or to be referred to by this Honorable Court;

3. This Honorable Court make a prompt decision granting or denying the Petition by paper without further burdening the Petitioner.

Letter [8] at 1.

The Office of the Clerk sent a second letter to Attorney Ye on December 3, 2025 informing him that "it will be necessary for you to either (1) associate local Mississippi counsel and seek pro hac admission as provided in our Local Rules, or (2) file a motion to withdraw." Letter [9]. Counsel Ye was told that if he elected to file a motion to withdraw, "you will, of course, need to notice your client." *Id.* Attorney Ye was advised that he could file his "motion to withdraw in paper form for filing if you send it to us by U.S. Mail." *Id.*

"An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client[.]" L.U.Civ.R. 83.1(b)(3). "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). To consider Attorney Ye's request to withdraw, the Court requires Attorney Ye to file a motion for relief, as required by Federal Rule 7(b). As required by Local Rule 83.1(b)(3), the motion to withdraw as counsel must be either signed by Petitioner or contain a certificate of service showing that Petitioner has been served with the motion to withdraw as counsel. The Court needs Attorney Ye to provide an address for Petitioner where he may he be served with Court papers, should Attorney Ye be

granted leave to withdraw as counsel.

**IT IS THEREFORE ORDERED** that **January 30, 2026** is Attorney Ye's deadline to file a motion to withdraw as counsel that is signed by Petitioner or contains a certificate of service showing that Petitioner has been served with the motion to withdraw as counsel. The motion to withdraw as counsel should contain the address where Petitioner may be served with Court papers, should Attorney Ye be granted leave to withdraw as counsel.

**SO ORDERED**, this the 14th day of January 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3